# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# NORTHERN DIVISION

UNITED STATES OF AMERICA,

    *Plaintiff*,

*v.*

LEROY DONTRAE McINTOSH,

    *Defendant*.

                                  /

CASE NO: 02-CR-20049-02

DISTRICT JUDGE DAVID M. LAWSON
MAGISTRATE JUDGE CHARLES E. BINDER

## ORDER AFTER INITIAL APPEARANCE
## PURSUANT TO FED. R. CRIM. P. 32.1

### I. Introduction and Initial Appearance

The Defendant was arrested on March 6, 2012, on a warrant for supervised release violation issued by United States District Judge David Lawson. (Doc.146.) Defendant was previously convicted of conspiracy to possess with intent to distribute fifty grams or more of cocaine base, in violation of 18 U.S.C. § 846. The Defendant requested appointment of counsel, and completed a Financial Affidavit. After review of a Financial Affidavit, I concluded that the Defendant qualifies for appointment of counsel, and I directed that counsel be appointed.

The Defendant appeared with appointed counsel on March 6, 2012, for initial appearance on allegations of supervised release violations. At that time, the Defendant was given the advisement of rights provided in FED. R. CRIM. P. 32.1(b)(1). As requested, on March 7, 2012, a detention hearing was combined with a preliminary hearing regarding the supervised release violation.

## II.  Release or Detention

Pending further proceedings, the Government moved to detain the Defendant.  Fed. R. Crim. P. 32.1(a)(6) gives this Magistrate Judge the authority to release or detain a person charged with supervised release violations under 18 U.S.C. § 3143(a).  The statute establishes a presumption in favor of detention that is rebuttable only upon the Defendant showing, by clear and convincing evidence, that he or she is not likely to flee or pose a danger to any other person or the community. Fed. R. Crim. P. 32.1(a)(6).  Furthermore, both counsel acknowledged that if the Defendant were found guilty of Violation 1, he could face mandatory revocation of supervised release pursuant to 18 U.S.C. § 3565(b)(1).

After receiving evidence and proffers from both counsel, although evidence weighing in favor of the Defendant has been presented, Defendant's consistent pattern of conduct contrary to the conditions of his supervised release convinces me that Defendant has not shown by clear and convincing evidence that he will not pose a danger to the community if released.  In making this decision, I focus upon the matters stated in the Petition.  Although the Government has presented extensive evidence relating to other activities undertaken by the Defendant, I conclude that the proper focus is on those matters alleged in the Petition.

I further find that there is no meaningful evidence on this record that Defendant poses any specific individualized risk of flight.  However, I also note that since Defendant faces potential mandatory revocation of his supervised release, any potential risk of flight is higher than previously encountered.  I further find that Defendant McIntosh's continued controlled substance use, after having been previously convicted of drug trafficking, poses added danger to the community. *United States v. Hedrick,* No. 01-CR-50050-3FL, 2008 WL 124008 (E.D. Mich. Jan.

2

11, 2008) ("Based on the defendant's use of controlled substances, his use of alcohol while driving and his consumption of alcohol just before coming to court, I find that the defendant has failed to meet his burden, by clear and convincing evidence, that he is not likely to flee and that he is not a danger to the community if released" under FED. R. CRIM. P. 32.1(a)(6)); *United States v. Kelley*, No. 08-40011-01-RDR, 2008 WL 821951, at *2-*3 (D. Kan. Mar. 26, 2008) ("in making its ultimate determination, the court may still consider the finding by Congress that drug offenders pose a special risk of flight and dangerousness to society).

I therefore conclude that Defendant has not shown, by clear and convincing evidence, that he is not likely to flee or pose a danger to any other person or the community. Fed. R. Crim. P. 32.1(a)(6).

### III.  Preliminary Hearing

If a person charged with supervised release violations is detained at the initial appearance, the court must promptly conduct a hearing to determine whether there is probable cause to believe that a violation occurred, unless the hearing is waived. FED. R. CRIM. P. 32.1(b)(1)(A). The Defendant and his counsel indicated that they wished to proceed with the probable cause hearing; therefore, a hearing was conducted pursuant to FED. R. CRIM. P. 32.1(b)(1)(B).

The Petition charges that Defendant committed two (2) violations. The first is violation of the mandatory condition that "defendant shall not illegally possess a controlled substance" on August 25, 2011, when he tested positive for marijuana; on September 14, 2011, when he used K-2; on November 22, 2011, when his urine specimen was positive for marijuana; on December 20, 2011, when his urine specimen was positive for hydrocodone; and on February 8, 2012, when his

urine specimen was positive for hydrocodone and hydromorphone. The second violation alleged is of the mandatory condition that "defendant shall participate in a program approved by the probation department for substance abuse, which may include testing to determine if the defendant has reverted to the use of drugs or alcohol[.]" It is alleged that on February 3, 10, and 17, 2012, Defendant failed to attend substance abuse counseling; and on February 16, 2012, he failed to provide a urine screen. (Doc. 146 at 2.)

Defendant's supervising Probation Officer was called to testify and she explained the bases for the charges and the evidence supporting those charges. In addition, counsel for Defendant has conceded that probable cause supports the allegations made in the Petition.

As to the first allegation in the Petition related to illegal possession of controlled substances, I therefore find that there is probable cause to believe that Defendant violated the mandatory condition for the following reasons: Defendant tested positive for marijuana on August 25, 2011; tested positive for K-2 on September 14, 2011; tested positive for marijuana on November 22, 2011; tested positive for hydrocodone on December 20, 2011; and tested positive for hydrocodone and hydromorphone on February 8, 2012. As to a positive urine specimen for the substance known as K-2 on December 14, 2011, there is additional support in that Defendant admitted to his supervising Probation Officer that he had consumed the substance.

As to the second allegation in the Petition, based on Defendant's concession of probable cause, I find that there is probable cause to support the allegations that Defendant failed to attend required substance abuse counseling on February 3, 2012, February 10, 2012, and February 17, 2012. There also appears to be some evidence supporting a finding that the Defendant failed to undertake a mandatory drug screening test on February 16, 2012.

I therefore conclude that probable cause supports the violations alleged in the Petition and that a revocation hearing must be held. FED. R. CRIM. P. 32.1(b)(1)(B).

**IV.  Conclusions**

For the reasons set forth above, I find that the Defendant has failed to meet the burden established by Fed. R. Crim .P. 32.1(a)(6) and 18 U.S.C. § 3143(a) to rebut the presumption in favor of detention.

I further find that after a hearing held pursuant to FED. R. CRIM. P. 32.1(b)(1)(A),  probable cause supports Violations 1 and 2 alleged in the Petition filed against the Defendant.

Therefore, **IT IS ORDERED** that the Defendant be **DETAINED** until a revocation hearing scheduled for March 12, 2012, before United States District Judge David Lawson is held. Pending this hearing, Defendant shall be held in custody by the United States Marshal's Service and produced for the hearing.

**V.  REVIEW**

Review of this Order is governed by 18 U.S.C. § 3145 and E.D. Mich. L.R. 57.2.

                                                s/ Charles E Binder
                                                CHARLES E. BINDER
Dated: March 9, 2012                           United States Magistrate Judge

**CERTIFICATION**

I hereby certify that this Order was electronically filed this date, electronically served on Matthew Sauget and Ken Sasse, and served by other electronic means on District Judge Lawson, Probation Officer Walkowiak, and the U.S. Marshal's Service in Bay City.

Date: March 9, 2012                    By    s/Jean L. Broucek
                                                 Case Manager to Magistrate Judge Binder